v. SIGMUND GROSS and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no proof that the accidental injury arose out of and in the course of the employment.   All concur.

G. EDWARD LAING and Others, Appellants, v. THE STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs.   The court disapproves finding of fact numbered six, and finds that there is no proof that the claimants were compelled to use two-inch stone in the top course; on the contrary, the proof is that they used such stone voluntarily.

Before STATE INDUSTRIAL BOARD, Respondent.   MARY LEYHANE, Respondent, v. BROOKLYN VARNISH MANUFACTURING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent.   DR. JOSEPH P. LA DUCA, Respondent, v. UNITED STATES LIGHT AND HEAT CORPORATION and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the physician who rendered the medical services for which the award is made did not comply with the provisions of section 13 of the Workmen's Compensation Law as to filing a report of such injury and treatment on the form prescribed by law.   All concur.

Before STATE INDUSTRIAL BOARD, Respondent.   VINCENZO LUPO, Respondent, v. SAMUEL HENKIN and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that since the findings do not state any injury except contusions, they do not sustain the award which has been made.   All concur.

Before STATE INDUSTRIAL BOARD, Respondent.   DAVID LEVINE, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that verbal notice to the employer is not one of the statutory grounds of excuse for failure to give written notice of the injury as provided by section 18 of the Workmen's Compensation Law,* and the failure to give written notice of the injury has not therefore, been properly excused.   All concur.

Before STATE INDUSTRIAL BOARD, Respondent.   STANISLAW LANGE, Respondent, v. AMERICAN CAR AND FOUNDRY COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to sustain the finding that the disability occasioning the operation and medical bills and for which the awards have been made arose out of the accidental injury of May 18, 1923.   All concur.

Before STATE INDUSTRIAL BOARD, Respondent.   VINNIE M. LYLE, Respondent, v. H. R. LYLE CIDER AND VINEGAR COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of LeClear v. Smith (207 App. Div. 71).   All concur.

In the Matter of the Estate of FRANK CROUSE, Deceased.— Decree affirmed, with costs.   All concur, except Van Kirk and McCann, JJ., dissenting.

In the Matter of the Application of COLD SPRING LIGHT, HEAT AND POWER COMPANY for an Order of Certiorari Directing WILLIAM A. PRENDERGAST and

* See, also, Workmen's Compensation Law of 1914, § 18, as amd. by Laws of 1918, chap. 634.—[REP.

Others, Constituting the Public Service Commission of the State of New York, Respondents, to Certify and Return All the Proceedings of Said Commission in the Matter of the Petition of Said Company for Permission to Construct an Electric Plant (Extension) in Portions of the Town of Philipstown, Putnam County, etc. PHILIPSTOWN ELECTRIC CORPORATION, Intervenor. In the Matter of the Application of COLD SPRING LIGHT, HEAT AND POWER COMPANY for an Order of Certiorari Directing WILLIAM A. PRENDERGAST and Others, Constituting the Public Service Commission of the State of New York, Respondents, to Certify and Return All the Proceedings of Said Commission in the Matter of the Petition of Said Company for Permission to Construct an Electric Plant (Extension) in the Town of Philipstown, and in the Village of Cold Spring, Putnam County, etc. PHILIPSTOWN ELECTRIC CORPORATION, Intervenor.— Determinations unanimously confirmed, with fifty dollars costs and disbursements.

EDGAR M. MARSHALL, Appellant, v. MARY GRACE MARSHALL, Respondent.— Order reversed on the law, and motion denied, without costs, on the ground that defendant, being the owner of substantial property, the court was without power to grant the order, under the authority of *Lake* v. *Lake* (194 N. Y. 179); *Collins* v. *Collins* (80 id. 1); *Fleischer* v. *Fleischer* (174 App. Div. 918); *Brand* v. *Brand* (178 id. 822). All concur.

Before STATE INDUSTRIAL BOARD, Respondent. MATHILDA MULLER, Respondent, v. HENRY R. APEL, INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JOSEPH MOSTISKY, Respondent, v. REICHARD COULSTON Co., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

FRANK A. MUELLER and Another, Respondents, v. ADOLPH RECHEIZER and Another, Appellants.— Judgment unanimously affirmed, with costs.

H. R. MOCH COMPANY, INC., Respondent, v. NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Appellant.— Judgment reversed and new trial granted, with costs to the appellant to abide the event on the ground that the findings of the jury as to the negligence and contributory negligence are against the weight of evidence. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. ALEXANDER MACHOL, Respondent, v. R. W. TAYLOR and Others, Appellants.— Awards reversed and claim dismissed as to the Dale Engineering Company and the insurance carrier, with costs against the State Industrial Board, on the ground that claimant was in the employ of the appellant Taylor who was an independent contractor, and awards reversed and claim remitted as to the appellant Taylor on the ground that no written notice of the accident was given to him and no finding having been made that he had knowledge of the accident the failure to give notice has been improperly excused. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. Mrs. JOHN H. MARCH, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. NELLIE MARCH, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Award reversed and matter remitted to the State Industrial Board, without costs. All concur.

47